**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   Plaintiff,<br><br>v.<br><br>**BRETT TYLER WARSON (01),**<br><br>   Defendant. | Case No. 18-20020-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Brett Warson's "Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 41). Mr. Warson seeks a sentence reduction to time served because of the COVID-19 pandemic. *Id.* at 5–6, 7. The government has responded (Doc. 45) and Mr. Warson has filed a Reply (Doc. 49). For reasons explained below, the court denies Mr. Warson's motion without prejudice to making a future request.

**I.  Background**

In April 2018, a grand jury returned a five count Indictment charging Mr. Warson with (1) knowingly and intentionally distributing more than five grams of methamphetamine, (2) knowingly and intentionally possessing more than 50 grams of methamphetamine with intent to distribute, (3) knowingly and intentionally maintaining a place and making it available for storing and distributing methamphetamine, and (4) knowingly and intentionally possessing a

---

[1]   Because Mr. Warson proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

firearm in furtherance of a drug trafficking crime. Doc. 1 at 1–3. These charges, if proved beyond a reasonable doubt, would violate 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 856(a)(1), 924(c) and 18 U.S.C. § 2. *Id.* at 1–3. In January 2019, Mr. Warson entered a plea agreement with the government. Docs. 28 & 29. He pleaded guilty to knowingly and intentionally possessing more than 50 grams of methamphetamine with intent to distribute. Doc. 28 at 1. The Presentence Investigation Report ("PSR") calculated a total offense level of 35 and a criminal history category of I, producing a Guidelines sentencing range of 168 to 210 months' imprisonment. Doc. 32 at 17 (PSR ¶ 83). On June 4, 2019, the court sentenced Mr. Warson to 168 months' imprisonment, followed by five years of supervised release. Doc. 39 at 2–3 (Judgment). This 168-month custody sentence represented the bottom rung of the Guidelines range.

Mr. Warson asserts that he currently is incarcerated at FCI Forrest City Low in Arkansas, and that the facility has had more than 250 confirmed COVID-19 cases. Doc. 41 at 5–6, 8. He also asserts that he has asked his warden to file a motion on his behalf and the warden has not responded. *Id.* at 7; Doc. 49 at 1.

**II.     Discussion**

Binding authority from this Circuit establishes that "'[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Title 18 U.S.C. § 3582(c)—commonly called the compassionate release statute—permits a court to modify a term of imprisonment but only if certain exceptions apply. For many years, these exceptions only permitted the Bureau of Prisons ("BOP") to bring a motion under the compassionate release

statute.  But in 2018, the First Step Act modified the compassionate release statute, and authorized a defendant to file his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  This amendment authorized an inmate to make such a motion, but only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

Mr. Warson asserts he has exhausted his BOP remedies because he submitted a request to his warden and more than 30 days have elapsed.  Doc. 41 at 7.  The government does not contend that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional.  Instead, the government acknowledges that it is a claim-processing rule.  Doc. 45 at 2.  The government invokes the claim-processing rule and asks the court to dismiss Mr. Warson's motion because he has not exhausted his administrative remedies.  *Id.* at 4.  The government argues that Mr. Warson's motion never explains when Mr. Warson made his request to the warden or supplies a copy of his purported request.  *Id.*  Mr. Warson replies that he "provided a copy of his request to the [w]arden" dated May 10, 2020.  Doc. 49 at 1.

The court agrees that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule.  In *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit treated § 3582(c)(1)(A)'s exhaustion requirement as a claim-processing rule, not a jurisdictional bar.  *Id.* at 832–34.  Although claim-processing rules don't implicate the court's subject matter jurisdiction, the court must enforce them when properly invoked.  *Id.* at 833.  But, if not invoked, claim-processing rules are subject to waiver and forfeiture.  *Id.* at 834; *see also United States v. Spaulding*, 802 F.3d 1110, 1130–34 (10th Cir. 2015) (Gorsuch, J., dissenting) (explaining why

3

"§ 3582(c) doesn't strip the district court of any of its preexisting post-judgment jurisdiction and is instead and again a claim-processing rule").

The Tenth Circuit hasn't yet decided whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. So, the court must predict how our Circuit would decide the question. The court finds the Sixth Circuit's decision highly persuasive and the court predicts the Tenth Circuit would adopt its reasoning. Consistent with *Alam*, the court treats § 3582(c)(1)(A)'s exhaustion requirement as a claim-processing rule.

Here, the government properly has invoked § 3582(c)(1)(A)'s claim-processing rule. And, Mr. Warson hasn't met his burden. He has presented no evidence that he submitted a compassionate release request to his warden. He asserts merely that he has submitted a request to his warden and that 30 days have passed. Doc. 41 at 7. But he has provided no evidence of his purported exhaustion efforts. Although Mr. Warson contends he filed a copy of his request to the warden with the court, the court has searched the record and concludes the record doesn't support his statement. Because Mr. Warson has failed to exhaust his administrative remedies, the court denies his "Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 41) without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Brett Warson's "Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 41) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 4th day of August, 2020, at Kansas City, Kansas.**

                                                  s/ Daniel D. Crabtree
                                                  Daniel D. Crabtree
                                                  United States District Judge