## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 18-20020-01-DDC |
| **BRETT TYLER WARSON (01),** | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on Brett Tyler Warson's Motion for Compassionate Release (Doc. 51) and Motion for Appointment of Counsel (Doc. 55). For the reasons explained below, the court denies the Motion for Appointment of Counsel and orders Mr. Warson to show cause within 45 days why the court should not dismiss his Motion for Compassionate Release for lack of subject matter jurisdiction.

**I.   Background**

  **A.   Factual Background**

In April 2018, a grand jury returned a five count Indictment charging Mr. Warson with (1) knowingly and intentionally distributing more than five grams of methamphetamine, (2) knowingly and intentionally possessing more than 50 grams of methamphetamine with intent to distribute, (3) knowingly and intentionally maintaining a place and making it available for storing and distributing methamphetamine, and (4) knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime. Doc. 1 at 1–3. These charges, if proved

beyond a reasonable doubt, would violate 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 856(a)(1), 18 U.S.C. § 924(c) and 18 U.S.C. § 2. *Id.*

In January 2019, Mr. Warson entered a plea agreement with the government. Doc. 28; Doc. 29. He pleaded guilty to knowingly and intentionally possessing more than 50 grams of methamphetamine with intent to distribute. Doc. 28 at 1. The Presentence Investigation Report (PSR) calculated a total offense level of 35 and a criminal history category of I, producing a Guidelines sentencing range of 168 to 210 months' imprisonment. Doc. 32 at 17 (PSR ¶ 83). On May 30, 2019, the court sentenced Mr. Warson to 168 months' imprisonment, followed by five years of supervised release. Doc. 39 at 1–3. This 168-month custody sentence represented the lower-bound of the Guidelines range.

### B.     Procedural Background

On June 22, 2020, Mr. Warson filed a Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A) (Doc. 41). The court denied the motion for failure to satisfy the statute's exhaustion requirement. *See* Doc. 50 at 4. But the court's Order did not preclude Mr. Warson from filing another motion. He did just that. On September 8, 2020, Mr. Warson filed a Motion for Compassionate Release (Doc. 51). And he since has filed several supplements to that motion. *See* Doc. 52; Doc. 60; Doc. 61. The government filed a Response (Doc. 56). And Mr. Warson replied (Doc. 58).

Mr. Warson also filed a Motion for Appointment of Counsel (Doc. 55). The court first considers that motion before proceeding to the Motion for Compassionate Release.

## II.     Motion for Appointment of Counsel (Doc. 55)

Mr. Warson asks the court to appoint him counsel to assist his request for a sentence modification. Doc. 55 at 1. "There is no constitutional right to counsel beyond the direct appeal

2

of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion."). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Mr. Warson enumerates several reasons why the court should appoint counsel in this circumstance. *See* Doc. 55 at 1 (¶¶ 1–4). After considering all of those reasons, as well as Mr. Warson's ability to present his claim for compassionate release, the nature of his claim's factual issues, his claim's merits, and the complexity of its legal issues, the court concludes that the appointment of counsel is not warranted here. Separately, Mr. Warson's motion also fails to assert that he is indigent and provide the court with evidence showing indigency. *See id.* The court thus denies Mr. Warson's Motion for Appointment of Counsel (Doc. 55).

### III. Motion for Compassionate Release (Doc. 51)

#### A. Legal Standard

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.*

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]" But the statute also recognizes certain exceptions.

3

Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Poutre*, ___ F. App'x ___, No. 20-8043, 2021 WL 271948, at *1 (10th Cir. 2021); *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).[1]

**B.    Discussion**

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations

---

[1] The court previously held, including in its Memorandum and Order (Doc. 50) denying Mr. Warson's first motion for a sentence modification (Doc. 41), that § 3582(c)(1)(A)'s exhaustion requirement is a non-jurisdictional claims processing rule. *See Harris*, 2020 WL 7122430, at *1–2. But the court has since concluded that our Circuit views § 3582(c) as jurisdictional, and applies that view here. *Id.*

4

omitted); *see also* 18 U.S.C. § 3582(c)(1)(A).  The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"  18 U.S.C. § 3582(c)(1)(A).  "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term."  *Harris*, 2020 WL 7122430, at *3 (discussing competing readings of "the lapse of 30 days").

Here, Mr. Warson alleges that he submitted a request for compassionate release to the Warden on May 10, 2020.  Doc. 58 at 1 (¶ 1); *see also* Doc. 51 at 7 (¶ 5); Doc. 52 at 2.  He alleges that the request asked "the Warden to file a motion on his behalf in the district court seeking a reduction of sentence based on ineffective assistance of counsel and medical conditions."  Doc. 51 at 7.[2]  And Mr. Warson asserts that the Warden failed to respond within thirty days and that he satisfies the statutory exhaustion requirement.  *See* Doc. 52 at 2; 58 at 1 (¶ 1).  The government responds that Mr. Warson has failed to provide a copy of that request.  Doc. 56 at 10.  Yet Mr. Warson asserts that he *did* provide it:

> The Government argues that Defendant has not exhausted his administrative remedies.  However, to the contrary, Defendant attached to his initial motion a copy of his request to the Warden for a motion to be filed on his behalf seeking co[ ]mpassionate release dated May 10, 2020, see additional attachment.

Doc. 58 at 1 (¶ 1).

But the court can't find a copy of the request attached to any of Mr. Warson's many filings.  And this particular squabble generates a strong sense of déjà vu.  When the parties

---

[2]   Mr. Warson's allegations about the content of his request to the Warden belie the government's characterization of Mr. Warson's filings.  *Compare* Doc. 51 at 7 (explaining that the request to the warden sought a motion "seeking a reduction of sentence based on ineffective assistance of counsel and medical conditions"), *with* Doc. 56 at 10 (asserting that Mr. Warson "provides no details or information about the application to the warden to know whether the grounds for which release is now being sought is what was considered by BOP").

5

previously disputed whether Mr. Warson's first motion for relief (Doc. 41) had satisfied the exhaustion requirement, Mr. Warson asserted that "[c]ontrary to the Government's assertion" that he "did not provide a copy of his request to the Warden to reduce his sentence nor when he asked the Warden for such relief[,]" Mr. Warson "provided a copy of his request to the Warden that is dated May 10, 2020 in which he asked that a motion be filed on his behalf[.]" Doc. 49 at 1 (¶ 1).

The government points out that the court previously concluded that Mr. Warson had failed to demonstrate that he exhausted his administrative remedies before filing the first motion (Doc. 41), and that the court "remains in the same position to dismiss his [second] motion at this time . . . ." Doc. 56 at 11 (citing Doc. 50 at 4). Indeed, when considering Mr. Warson's previous motion for relief (Doc. 41), the court concluded that Mr. Warson failed to carry his burden to show exhaustion because he "presented no evidence that he submitted a compassionate release request to his warden" and "assert[ed] merely that he has submitted a request to his warden and that 30 days have passed." Doc. 50 at 4. The court explained, "[a]lthough Mr. Warson contend[ed] he filed a copy of his request to the warden with the court, the court . . . searched the record and conclude[d] the record doesn't support his statement." *Id.*

The song remains the same. The court again is unable to find any copy of the request among Mr. Warson's many court filings, both those related to the pending Motion for Compassionate Release (Doc. 51) and his earlier motion (Doc. 41). The government asserts that its efforts to acquire any record of Mr. Warson's request to the Warden were fruitless. Doc. 56 at 10 ("Government counsel found no compassionate release request to the warden in the attachments to the defendant's supplemental motion nor in any of the BOP records provided in response to the Federal Public Defender's request.").

6

Regardless of any extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) that may exist, the court lacks jurisdiction where a movant under § 3582(c)(1)(A) fails to demonstrate that he has satisfied the statute's requirement of exhaustion or lapse. Because Mr. Warson fails to reinforce his claim of lapse, that the government challenges, with any evidence beyond bare assertions, the court cannot conclude that it possesses the authority to consider Mr. Warson's request for a sentence modification.

Given (1) the ongoing and perplexing discrepancy between Mr. Warson's repeated claims that he did attach the document at issue to his court filings and the absence of any such attachment in the record, and (2) the fact that the court and the parties already have completed two full laps around the track on this exhaustion issue, the court elects to give Mr. Warson an opportunity to show cause, within 45 days of the date of this Order, why the court should not dismiss this motion on jurisdictional grounds for failure to show exhaustion or lapse.

## IV.     Conclusion

Mr. Warson moves for the appointment of counsel and for compassionate release. He has not made a showing that appointment of counsel is warranted in this circumstance. So the court denies his Motion for Appointment of Counsel (Doc. 55).

And despite Mr. Warson's assertions that he has provided the court with a copy of his request to the Warden seeking compassionate release, the court finds no such evidence in the record. The court thus orders Mr. Warson to show cause within 45 days of the date of this Order why the court should not dismiss his Motion for Compassionate Release (Doc. 51) for lack of subject matter jurisdiction due to his failure to show adequately that he has satisfied § 3582(c)(1)(A)'s requirement of exhaustion of lapse.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Brett Tyler Warson is ordered to show cause **within 45 days of the date of this Order why the court should not dismiss his Motion for Compassionate Release for failure to show exhaustion or lapse under 18 U.S.C. § 3582(c)(1)(A) and consequent lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED BY THE COURT THAT** Brett Tyler Warson's Motion for Appointment of Counsel (Doc. 55) is denied.

**IT IS SO ORDERED.**

**Dated this 2nd day of February, 2021, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**