IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRETT TYLER WARSON (01),<br><br>　　　　Defendant. | Case No. 18-20020-01-DDC |

**MEMORANDUM AND ORDER**

Three of Brett Tyler Warson's pro se motions await ruling: (1) Motion for Sentence Modification (Doc. 51); (2) Motion to Withdraw Pending Motion (Doc. 64), and (3) Motion for Sentence Modification (Doc. 63). For reasons explained below, the court grants the Motion to Withdraw (Doc. 64), dismisses as moot the associated motion (Doc. 51), and dismisses the subsequent Motion for Sentence Modification (Doc. 63) for lack of subject matter jurisdiction.

The court begins by considering the request to withdraw a pending motion.

**I.    Mr. Warson's Motion to Withdraw Pending Motion (Doc. 64)**

On September 8, 2020, Mr. Warson filed his second Motion for Sentence Modification Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 51). The court then ordered Mr. Warson to show cause why the court should not dismiss that motion for lack of subject matter jurisdiction. Doc. 62 at 4–8. The court explained that Mr. Warson's filings failed to show that he had satisfied § 3528(c)(1)(A)'s requirement of exhaustion or lapse. *Id.* The Show Cause Order provided Mr. Warson with both direction and ample opportunity—45 days—to correct the defects in his filings so that the court might consider the merits of his request. *See id.* at 7–8.

But Mr. Warson instead filed a Motion to Withdraw Pending Motion (Doc. 64). He seeks to withdraw his motion under § 3582(c)(1)(A) (Doc. 51) and its associated medical records and supplements. *See* Doc. 64 at 1. The court grants Mr. Warson's request to withdraw the earlier motion (Doc. 51) and dismisses it as moot. The court also grants Mr. Warson's request to direct the Clerk to mail him copies of the withdrawn motion and its associated supplements. The court thus directs the Clerk to mail Mr. Warson a copy of Docs. 51, 52, 60, and 61.

The court now turns to Mr. Warson's third request for relief under § 3582(c)(1)(A).

## II. Mr. Warson's Third Motion for Sentence Modification (Doc. 63)

After asking to withdraw his earlier motion to modify his sentence, Mr. Warson filed a new motion seeking similar relief (Doc. 63). *Compare* Doc. 64 at 1 (dated Feb. 3, 2021), *with* Doc. 63 at 12 (dated Mar. 5, 2021). This marks his third motion under § 3582(c)(1)(A). *See* Docs. 41, 51, 63. Like Mr. Warson's prior motions, this request fails to show that he satisfies the statute's requirement of exhaustion or lapse. *See* Doc. 63; *see also* Doc. 50 at 4 (denying first motion because "Mr. Warson has failed to exhaust his administrative remedies"); Doc. 62 at 7 (explaining "the court cannot conclude that it possesses the authority to consider Mr. Warson's [second] request for a sentence modification" because he "fails to reinforce his claim of lapse, that the government challenges, with any evidence beyond bare assertions").

This omission prevents the court from concluding that it has authority to consider Mr. Warson's request. More than once, the court already has explained the statutory exhaustion or lapse requirement. *See* Docs. 50, 62.[1] To reiterate: Unless Mr. Warson shows exhaustion or lapse, the court lacks the jurisdiction to consider his request. *See United States v. Poutre*, 834 F.

---

[1] The Tenth Circuit has echoed the court's prior explanations. *See United States v. Maumau*, ___ F.3d ___, No. 20-4056, 2021 WL 1217855, at *7 (10th Cir. 2021) (explaining that § 3582(c)(1) allows "defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief").

App'x 473, 474 (10th Cir. 2021) (explaining Tenth Circuit cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction"). He fails to show that here. The court thus lacks subject matter jurisdiction over the motion (Doc. 63) and it merits dismissal.

### III.     Conclusion

The court grants Mr. Warson's request to withdraw his pending motion (Doc. 51) and dismisses it as moot. But his new request (Doc. 63) leaves the statutory exhaustion or lapse requirement unsatisfied. The court's prior Orders explained how that requirement operates and its jurisdictional importance. But his motion (Doc. 63) again fails to show exhaustion or lapse. The court thus dismisses it for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Brett Tyler Warson's Motion to Withdraw Pending Motion (Doc. 64) is granted, consistent with this Order.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Warson's Motion for Sentence Modification (Doc. 51) is dismissed as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk is directed to mail Mr. Warson a copy of Docs. 51, 52, 60, and 61.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Warson's Motion for Sentence Modification (Doc. 63) is dismissed without prejudice for lack of subject matter jurisdiction for reasons explained in this Order.

**IT IS SO ORDERED.**

**Dated this 9th day of April, 2021, at Kansas City, Kansas.**

                                                s/ Daniel D. Crabtree
                                                **Daniel D. Crabtree**
                                                **United States District Judge**